UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:16-cv-04737-CAS(PJWx) | Date | October 31, 2016 |
|---|---|---|---|
| Title | POLINA GUTENMAKHER v. SELECT PORTFOLIO SERVICING, INC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Yaron Shaham |

**Proceedings:** **DEFENDANT SELECT PORTFOLIO SERVICING'S MOTION FOR JUDGMENT ON THE PLEADINGS (Dkt. 13, filed on September 21, 2016)**

## I.     INTRODUCTION

On May 25, 2016, Polina Gutenmakher ("plaintiff") filed the instant action against Select Portfolio Servicing ("SPS" or "defendant") and Resmae Mortgage Corporation ("Resmae") in Los Angeles County Superior Court.  Dkt. 1 Ex. A.  ("Compl.").  SPS filed a Notice of Removal on June 28, 2016.  Dkt. 1.  Plaintiff's complaint asserts eight claims against SPS: (1) declaratory relief; (2) violation of 15 U.S.C. § 1641(g); (3) violation of 15 U.S.C. § 1692; (4) wrongful foreclosure; (5) violation of California Homeowner's Bill of Rights §§ 2924.17, 2924(a)(6); (6) quasi-contract; (7) violation of California Business and Professions Code § 17200; and (8) accounting.

On September 21, 2016, SPS filed the instant motion for judgment on the pleadings, regarding all of plaintiff's claims.  Dkt. 13 ("Motion").  Plaintiff filed her opposition to the motion on October 3, 2016, dkt.18 ("Opp'n"), and SPS filed a reply ("Reply") on October 7, 2016, dkt. 21.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-04737-CAS(PJWx) | Date | October 31, 2016 |
| Title | POLINA GUTENMAKHER v. SELECT PORTFOLIO SERVICING, INC.; ET AL. | | |

## II. BACKGROUND

Plaintiff's claims arise out of the foreclosure on real property located at 5237 Newcastle Avenue, No. 102, Encino, CA 91316. (the "property"). Compl. at 3. On January 5, 2007, plaintiff obtained a refinance loan from Resmae in the amount of $331,000, which was secured by deed of trust and was recorded on January 22, 2007. Defendant's Request for Judicial Notice ("RJN") Ex. B. A corporate assignment of deed of trust was recorded on November 7, 2011, assigning the beneficial interest of the Home Equity Asset Trust 2007-2 (the "trust") to U.S. Bank National Association ("U.S. Bank"). RJN Ex. C. On November 18, 2011, a substitution of trustee was recorded naming Quality Loan Service Corporation ("Quality") as the substituted trustee. Ex. D. On October 6, 2015, a notice of default was recorded against the property. RJN Ex. E.[1]

Plaintiff contends that the deed of trust that she executed with Resmae was void because Resmae was not registered with the California Secretary of State, and thus cannot be enforced by SPS. Compl. at 26–27. Plaintiff also asserts that the assignment of beneficial interest to U.S. Bank by Resmae was also void because the promissory note

---

[1] Although when ruling on a Rule 12 motion a court generally cannot consider materials outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials), see In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998), a court may consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). Federal Rule of Evidence 201 authorizes a court to take judicial notice of "matters of public record," Mack v. S. Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir.1986), abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104 (1991), or any other "adjudicative" facts, which are "facts concerning the immediate parties." See United States v. Gould, 536 F.2d 216, 219 (8th Cir. 1976); In re Homestore.com, Inc. Sec. Lit., 347 F. Supp. 2d 814, 816–17 (C.D. Cal. 2004). Accordingly, the Court judicially notices RJN Ex. A–K; Opp'n Ex. A.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-04737-CAS(PJWx) | Date | October 31, 2016 |
| Title | POLINA GUTENMAKHER v. SELECT PORTFOLIO SERVICING, INC.; ET AL. | | |

and the deed of trust were not transferred to the trust prior to the trust's closing date. Compl. at 7–8.

### III.   LEGAL STANDARDS

A motion for judgment on the pleadings brought pursuant to Federal Rule of Civil Procedure 12(c) provides a means of disposing of cases when all material allegations of fact are admitted in the pleadings and only questions of law remain. See McGann v. Ernst & Young, 102 F.3d 390, 392 (9th Cir. 1996). Such a motion may be brought "after the pleadings are closed–but early enough not to delay trial." Fed. R. Civ. P. 12(c). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012). Accordingly, while the complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a Rule 12(c) motion, as with a 12(b)(6) motion, the district court must view the facts presented in the pleadings and the inferences to be drawn from them in the light most favorable to the nonmoving party. NL Indus. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); In re Century 21-Re/Max Real Estate Adver. Claims Litig., 882 F. Supp. 915, 921 (C.D. Cal. 1994). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-04737-CAS(PJWx) | Date | October 31, 2016 |
| Title | POLINA GUTENMAKHER v. SELECT PORTFOLIO SERVICING, INC.; ET AL. | | |

Iqbal, 556 U.S. at 664–65.  For purposes of a Rule 12(c) motion, the moving party concedes the accuracy of the factual allegations of the complaint, but does not admit other assertions that constitute conclusions of law or matters that would not be admissible in evidence at trial.  5C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 1368 (3d ed. 2004).

## IV.   DISCUSSION

### A.   Plaintiff's Claim for Wrongful Foreclosure

A claim for wrongful foreclosure requires that a plaintiff establish that "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering."  Miles v. Deutsche Bank Nat'l Trust Co., 236 Cal. App. 4th 394, 408 (2015).

Plaintiff asserts that SPS has initiated illegal and fraudulent foreclosure proceedings against plaintiff.  Compl. at 28.  First, plaintiff contends that the deed of trust is void for fraud in the execution because Resmae failed to register with the Secretary of State, and therefore the beneficial interest in the trust could not be validly assigned to SPS.  Id. at 26–27.  Second, plaintiff alleges that the assignment was void because the promissory note and deed of trust were not transferred to the trust prior to the trust's closing date.  Id. at 11.  Finally, plaintiff contends that an offer to tender is not necessary because plaintiff's challenge to the validity of SPS' beneficial interest in the property amounts to a challenge of the underlying debt.  Id. at 22.

#### 1.   The Validity of the Deed of Trust

Plaintiff contends that the deed of trust is void because Resmae engaged in fraud in the execution by creating the deed of trust without registering with the Secretary of State.  Compl. at 26–27.

"When a plaintiff alleges fraud in the execution, the plaintiff is asserting that it was deceived as to the very nature of contract execution, and did not know what it was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES** - **GENERAL**      **'O'**

| Case No. | 2:16-cv-04737-CAS(PJWx) | Date | October 31, 2016 |
|---|---|---|---|
| Title | POLINA GUTENMAKHER v. SELECT PORTFOLIO SERVICING, INC.; ET AL. | | |

signing." Brown v. Wells Fargo Bank, 168 Cal. App. 4th 938, 958 (2008). "[A] contract fraudulently executed is void, because there never was an agreement." Id. In asserting a claim for fraud in the execution, a plaintiff must demonstrate reasonable reliance on the alleged fraudulent conduct. Rosenthal v. Great W. Fin. Sec. Corp., 14 Cal. 4th 394, 415 (1996).

Here, the alleged fraudulent conduct was Resmae's misrepresentation that it could conduct business in the state of California despite failing to register with the California Secretary of State. Compl. at 26–27. Plaintiff has provided no factual basis for its allegation that Resmae was not registered with the California Secretary of State at the time of the execution of the deed of trust. In fact, the only evidence that plaintiff offers is a letter from the California Secretary of State indicating that Resmae changed its name to Bridgefield Mortgage Corporation on February 1, 2010 and then filed a Certificate of Surrender on March 7, 2011. Opp'n Ex. A. Plaintiff states that there is no record of Resmae prior to the name change in 2010, but the very same document indicates that the registration date of Bridgefield Mortgage Corporation was January 28, 2004. Id. Presumably, this registration date applies to Resmae, because as the records from the Secretary of State indicate, Resmae changed its name to Bridgefield Mortgage Corporation on February 1, 2010. Thus, the information provided by plaintiff indicates that Resmae in fact was registered with the California Secretary of State at the time that the deed of trust was executed with plaintiff on January 5, 2007.

Even if this Court accepts plaintiff's allegation that Resmae was not registered with the Secretary of State at the time that it executed a deed of trust with plaintiff, plaintiff fails to allege why Resmae's failure to register with the Secretary of State was so fundamental to the mortgage agreement that plaintiff did not understand the agreement's " very nature." Plaintiff also acknowledges that "reasonable reliance is a necessary element of fraud in the execution." Compl. at 27. However, plaintiff has not alleged that she relied on Resmae's allegedly fraudulent representation or that her reliance was reasonable. Thus, the Court finds that plaintiff has not provided a sufficient factual basis to plausibly demonstrate that the deed of trust is void for fraud in the execution.

Plaintiff's opposition also asserts that the deed of trust is voidable pursuant to California Revenue and Tax Codes §§ 23304.1; 23304.1(b); and 23305(a). Opp'n at 7. Although plaintiff does not properly plead this claim, the Court will briefly address it.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-04737-CAS(PJWx) | Date | October 31, 2016 |
| Title | POLINA GUTENMAKHER v. SELECT PORTFOLIO SERVICING, INC.; ET AL. | | |

"Every contract made in this state by a taxpayer during the time that the taxpayer's powers, rights, and privileges are suspended or forfeited pursuant to Section 23301, 23301.5, or 23775 shall, subject to Section 23304.5, be voidable at the request of any party to the contract other than the taxpayer." Cal. Rev. & T. Code § 23304.1(a). Further, if a foreign taxpayer is not qualified to do business and does not have an account number from the Franchise Tax Board, "any contract made in this state by that taxpayer . . . shall . . . be voidable at the request of any party to the contract other than the taxpayer." Cal. Rev. & T. Code § 23304.1(b). However, courts have held that the rescission of a voidable contract under section 23304 requires restitution because any other result "would be more than simply unfair, it would be unconscionable resulting in unjust enrichment . . . ." Gardiner Solder Co. v. Supalloy Corp., 232 Cal. App. 3d 1537, (1991).

For the reasons discussed above, plaintiff has failed to plead sufficient facts to plausibly demonstrate that Resmae was not registered with the Secretary of State at the time that it entered into the deed of trust with plaintiff. In addition, the rescission of a voidable contract under section 23304 requires restitution by rescinding party. Here, the appropriate form of restitution is for plaintiff to tender the remainder of the balance on her mortgage. As discussed further below, plaintiff has failed to allege the ability to tender. Thus plaintiff's claim under California Revenue and Tax Codes §§ 23304.1; 23304.1(b); and 23305(a) fails.

    **2.**     **The Validity of the Assignment**

Plaintiff also challenges SPS' right to initiate foreclosure proceeding on the grounds that SPS was never assigned an interest in the note or deed of trust. Compl. at 11. As explained above, plaintiff alleges that the deed of trust is void for fraud in the execution and could not be validly assigned to SPS. Compl. at 26–27. Further, plaintiff contends that the note and deed of trust were not properly securitized because they were not deposited into the trust prior to the date of closing, and therefore could not be assigned to SPS. Id. at 11. Defendant asserts that plaintiff does not have standing to challenge the validity of the assignment. Motion at 8.

"[A] borrower can generally raise no objection to assignment of the note and deed of trust. A promissory note is a negotiable instrument the lender may sell without notice

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-04737-CAS(PJWx) | Date | October 31, 2016 |
| Title | POLINA GUTENMAKHER v. SELECT PORTFOLIO SERVICING, INC.; ET AL. | | |

to the borrower." Yvanova v. New Century Mortg. Corp., 62 Cal. 4th 919, 927 (2016). However, in Yvanova, the California Supreme Court recognized an exception to this rule, holding that "a borrower who has suffered a nonjudicial foreclosure does not lack standing to sue for wrongful foreclosure based on an allegedly void assignment merely because he or she was in default on the loan and was not a party to the challenged assignment." Id. at 924. This exception does not extend to a transaction that is merely voidable because "[w]hen an assignment is merely voidable, the power to ratify or avoid the transaction lies solely with the parties to the assignment." Id. at 936.

The California Supreme Court's ruling in Yvanova only addressed the issue of whether a borrower has standing to challenge an allegedly void assignment, but does not discuss whether an assignment where there has been a post-closing date transfer to a securitized trust is void or voidable. In Morgan v. Aurora Loan Servs., 646 F. App'x 546, 550 (9th Cir. 2016), the Ninth Circuit recently affirmed a finding that a borrower does not have standing to challenge an assignment on the basis that the deed of trust was not assigned to the trust prior to the closing date. The Ninth Circuit looked to the Second Circuit's finding that an act in violation of the trust agreement is voidable and not void "because '[u]nder New York law, unauthorized acts by trustees are generally subject to ratification by the trust beneficiaries.'" Id. (quoting Rajamin v. Deutsche Bank Nat. Trust Co., 757 F.3d 79, 88 (2d Cir. 2014)).

Here, plaintiff challenges the validity of the assignment because the deed of trust is allegedly void for fraud in the execution and also because the note and deed of trust were allegedly not transferred to the trust prior to the trust's closing date. As discussed previously, plaintiff has not pled sufficient facts to demonstrate a plausible claim for fraud in the execution. Further, the Court applies the Second Circuit's holding that an act in violation of the trust agreement is merely voidable and not void. Thus, plaintiff's alleged deficiencies in the securitization of the trust are merely voidable and plaintiff does not have standing to challenge the validity of the assignment to SPS.

### 3. Plaintiff's Failure to Allege Tender

Plaintiff argues that she is not required to allege tender because she attacks the validity of the underlying debt. Compl. at 22.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-04737-CAS(PJWx) | Date | October 31, 2016 |
| Title | POLINA GUTENMAKHER v. SELECT PORTFOLIO SERVICING, INC.; ET AL. | | |

Under California law, a party pursuing a wrongful foreclosure cause of action must demonstrate that they have "tendered the amount of the secured indebtedness or [are] excused from tendering." Miles, 236 Cal. App. 4th at 408. However, "a tender may not be required where it would be inequitable to do so" or where "the plaintiff's action attacks the validity of the underlying debt," such that the foreclosure sale is void rather than voidable. Onofrio v. Rice, 55 Cal. App. 4th 413, 424 (1997).

For the reasons stated above, plaintiff has failed to plead sufficient facts to demonstrate that either the original deed of trust or the assignment of the beneficial interest to SPS are void. In addition, plaintiff admits that "she may owe money on her mortgage obligation," but merely disputes that SPS is the beneficiary. The Court finds that plaintiff is not challenging the underlying debt, and therefore must allege the ability to tender.

Plaintiff has failed to plead a sufficient factual basis to demonstrate a plausible claim for fraud in the execution of the deed of trust and does not have standing to challenge the validity of the assignment to SPS. Additionally, plaintiff has failed to allege the ability to tender. Thus, plaintiff's claim for wrongful foreclosure fails.

### B.     Plaintiff's Claim for Declaratory Relief

A litigant seeking relief under the Declaratory Judgment Act must show there is a real and substantial controversy remediable by specific relief. See Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240 (1937); see also Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941) ("[T]he question . . . is whether the facts alleged . . . show that there is a substantial controversy, between parties having adverse legal rights, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."). A DJA claim "brings to the present a litigable controversy, which otherwise might only be tried in the future." Societe de Conditionnement en Aluminum v. Hunter Eng'g Co., Inc., 655 F.2d 938, 943 (9th Cir.1981).

Under California law, a plaintiff has no right to bring suit to determine whether an entity initiating foreclosure is authorized to do so. Gomes v. Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149, 1154–55 (2011) (explaining that California's "comprehensive" statutory scheme governing nonjudicial foreclosure provides "no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-04737-CAS(PJWx) | Date | October 31, 2016 |
| Title | POLINA GUTENMAKHER v. SELECT PORTFOLIO SERVICING, INC.; ET AL. | | |

grounds for implying such an action"). A plaintiff may, however, be able to bring suit when the complaint contains a "specific factual basis for alleging" that foreclosure is unlawful. See id. at 825. However, this basis must be supported by more than a bare assertion. See id.

     Here, plaintiff alleges that SPS does not have an interest in the property because the deed of trust is void for fraud in the execution and because the trust was not properly securitized. For the reasons mentioned above, the Court finds that plaintiff does not plead sufficient facts to demonstrate a plausible claim for fraud in the execution and does not have standing to challenge the assignment on the grounds of improper securitization. Thus, plaintiff's claim for declaratory relief fails because plaintiff has failed to demonstrate that there is a substantial controversy remediable by specific relief. See Aetna Life Ins., 300 U.S. at 240.

### C.    Plaintiff's Claims for Quasi Contract and Accounting

     Because plaintiffs' claims for quasi contract and accounting are premised on the same allegations of improper conduct that the Court rejected in the proceeding sections, these claims also fail.

### D.    Plaintiff's Claim for Violation of TILA

     Plaintiff alleges that SPS, as an agent for U.S. Bank, failed to provide notice after it was assigned plaintiff's mortgage in violation of TILA. Compl. at 24.

     TILA provides that "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer." 15 U.S.C. § 1641(g)(1). Such notice must include: "(A) the identity, address, telephone number of the new creditor; (B) the date of transfer; (C) how to reach an agent or party having authority to act on behalf of the new creditor; (D) the location of the place where transfer of ownership of the debt is recorded; and (E) any other relevant information regarding the new creditor." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-04737-CAS(PJWx) | Date | October 31, 2016 |
| Title | POLINA GUTENMAKHER v. SELECT PORTFOLIO SERVICING, INC.; ET AL. | | |

Defendant contends that SPS is merely the loan servicer and not subject to liability because is not a "creditor." Motion at 4–5. TILA specifically states that "[a] servicer of consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation for purposes of this section unless the servicer is or was the owner of the obligation." 15 U.S.C. § 1641(f)(1). Although plaintiff alleges that SPS is an agent of U.S. bank and is the purported owner of plaintiff's debt, plaintiff has not provided any factual basis for the contention that SPS is anything other than the loan servicer. Further, plaintiff's opposition does not respond to defendant's contention that it is merely a loan servicer. Thus, the Court finds that plaintiff has failed to state a plausible claim under TILA.

### E.     Plaintiff's Claim for Violation of the FDCPA

Plaintiff alleges that defendant falsely misrepresented that plaintiff owes a debt to defendant in violation of the Fair Debt Collection Practices Act. Compl. at 27–28.

The FDCPA proscribes a wide range of conduct related to debt collection. In order to state a claim for relief under the FDCPA, a plaintiff must show that (1) he or she is a "consumer," (2) the defendant is a "debt collector," and (3) the defendant has acted or failed to act in violation of the FDCPA. Robinson v. Managed Accounts Receivables Corp., 654 F. Supp. 2d 1051, 1057 (C.D. Cal. 2009). The FDCPA defines the phrase "debt collector" to include: (1) "any person who uses any instrumentality of interstate commerce or the mails in any business *the principal purpose of which* is the collection of any debts," and (2) any person "*who regularly* collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (emphasis added). Because the FDCPA's "prohibitions apply only to 'debt collector[s]' as defined by the FDCPA, the complaint must plead 'factual content that allows the court to draw the reasonable inference' that [SPS] is a debt collector". Schlegel v. Wells Fargo Bank, NA, 720 F.3d 1204, 1208 (9th Cir. 2013) (quoting Iqbal, 556 U.S. at 678). Generally speaking, "[t]he law is well settled that FDCPA's definition of debt collector 'does not include the consumer's creditors, *a mortgage servicing company*, or any assignee of the debt.'" Lal v. Am. Home Servicing, Inc., 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010) (emphasis added) (quoting Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-04737-CAS(PJWx) | Date | October 31, 2016 |
| Title | POLINA GUTENMAKHER v. SELECT PORTFOLIO SERVICING, INC.; ET AL. | | |

For the reasons stated above, plaintiff has failed to plead sufficient facts to plausibly demonstrate that SPS misrepresented plaintiff's debt obligation. Further, although plaintiff contends that SPS is the assignee and servicer of plaintiff's debt, plaintiff has provided no facts in connection with her contention that SPS is anything beyond the servicer of the loan. Thus, plaintiff has failed to provide a sufficient factual basis to find a plausible claim for a violation under the FDCPA.

### F.     Plaintiff's Claim for Violation of California Homeowner's Bill of Rights

Plaintiff contends that SPS violated HBOR because defendant misled plaintiff into believing that defendant is the beneficiary under the deed of trust.

Under HBOR, "No entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest." Cal. Civ. Code § 2924.

Plaintiff contends that defendant is not the holder of the beneficial interest in plaintiff's debt because of fraud in the execution of the deed of trust and a failure to properly securitize the trust. Compl. at 11; 26–27. For the reasons explained above, plaintiff has not provided a sufficient factual basis to state a plausible claim for fraud in the execution of the deed of trust and does not have standing to challenge the validity of the assignment. Thus, plaintiff has failed to state a plausible claim for a violation of HBOR.

### G.     Plaintiff's Unfair Business Practices Claim

The California UCL provides that "unfair competition . . . include[s] any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof Code § 17200. The statute is phrased in the "disjunctive," and, as a result, is violated where a defendant's act or practice is unlawful, unfair, or fraudulent. Prata v. Super. Ct., 91 Cal. App. 4th 1128, 1137 (2001). California's UCL "borrow[s] violations of other laws and treats" them as unlawful business practices

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-04737-CAS(PJWx) | Date | October 31, 2016 |
| Title | POLINA GUTENMAKHER v. SELECT PORTFOLIO SERVICING, INC.; ET AL. | | |

"independently actionable under section 17200." Farmers Ins. Exch. v. Super. Ct., 2 Cal. 4th 377, 383 (1992) (quotation omitted). "Violation of almost any federal, state, or local law may serve as the basis for a UCL claim." Plascencia v. Lending 1st Mortgage, 583 F.Supp.2d 1090, 1098 (N.D. Cal. 2008).

As discussed above, all of plaintiff's underlying claims fail against SPS. Thus, plaintiff has failed to plead sufficient facts to establish a plausible claim under California Business and Professions Code § 17200.

## V.   CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendants' motion to dismiss plaintiff's claims without prejudice. Plaintiff shall have **ten (10)** days from the date of this order to file an amended complaint addressing the deficiencies outlined herein. Failure to do so may result in dismissal of this action with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 06 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |